STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      Docket No. CV-97-231

                                                   *JLH-PEN- 2/14/2000*

Gloria Yeo,                      )
          Plaintiff,            )
                                )
                                )
          v.                    )        **DECISION AND JUDGMENT**
                                )
                                )
Town of Stacyville et al.,      )
          Defendants            )

FILED AND ENTERED
SUPERIOR COURT

FEB 14 2000

PENOBSCOT COUNTY

Hearing on the remaining count of the complaint (Count II), which sounds in trespass, was held this date. By order dated February 10, 2000, summary judgment adverse to the plaintiff was entered on all pending claims against the Town of Stacyville and Laurel Bouchard. As a result, the trespass claim against defendants Judy Tapley and Jerry Tapley remained pending for trial. Present at trial were the plaintiff and her attorney. Neither defendant appeared.[1]

In Count II, the plaintiff alleges that the Tapleys trespassed on her property and that both are liable under 14 M.R.S.A. § 7552 for damages. The evidence presented at trial does not establish that Judy Tapley is liable to the plaintiff. There is no evidence of Ms. Tapley's role in the construction of the store on the property adjacent to the plaintiff's, of any benefit she might derive, or, more generally, of any conduct that would

---

[1]As noted on the record, Ms. Tapley had telephoned the clerk's office shortly before the trial was to begin and explained that because of the weather and other circumstances, she would not appear for the trial. Nonetheless, the court declined to continue the matter.

1

render her liable as a tortfeasor. *See generally* RESTATEMENT (SECOND) OF TORTS §§ 876-77 (1979).

On the other hand, the evidence demonstrates that Jerry Tapley was involved in the construction project, that he was placed on notice of the breach of the plaintiff's boundary line and that he continued the circumstances amounting to a trespass. Thus, he is liable to the plaintiff under sections 7552(2)(A) and 7552(4)(B).

The plaintiff estimated that restoration costs would be between $1,200 and $1,500. Such work would be performed by other people. Because the basis for this estimate is not made clear in the record, the court finds the plaintiff's damages to be $1,000. By statute, the plaintiff is entitled to treble damages, costs and attorney's fees.

The entry shall be:

For the reasons set out in the order dated February 14, 2000, on count II of the complaint, judgment is entered for the plaintiff against defendant Jerry Tapley in the amount of $3,000 plus costs and reasonable attorney's fees. Counsel for the plaintiff may submit an affidavit on attorney's fees pursuant to M.R.Civ.P. 54(b)(3).

Judgment is entered for defendant Judy Tapley, and she is awarded her costs of court.

Dated: February 14, 2000

_____
JUSTICE, SUPERIOR COURT

2

Date Filed _____ 10/7/97 _____ _____ PENOBSCOT _____ Docket No. ___ CV-97-231 _____

County

Action ____ CIVIL-DECLARATORY/EQUITABLE RELIEF

**LAW**ΞAL

**PEN-98-397**

Assigned to Justice Jeffrey L. Hjelm

DONALD L. GARBRECHT

LAW LIBRARY

MAR 6 2000

GLORIA YEO,                                                      vs.

\* TOWN OF STACYVILLE,
\* LAUREL BOUCHARD,
   JUDITH TAPLEY and
   JERRY TAPLEY,

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Paul Morrow, Esq. <br> Carl McCue, Esq. <br> 40 Western Avenue, PO Box 655 <br> Hampden, Maine  04444-0655 | Mary Margaret Parker, Esq. <br> ~~Post Office Box 185~~   P O BOX 235 <br> ~~Smyrna Mills, Maine  04780~~  ISLAND FALLS <br> FOR:  Town of Stacyville and Laurel  047 <br> Bouchard |
| | Judith Tapley & Jerry Tapley, pro se <br> P O BOX 403 <br> Sherman Mills, ME 04776 |

| Date of Entry | |
|---|---|
| 10/7/97 | Count I Verified Complaint for Permanent Injunction and Seeking Temporary Restraining Order and Preliminary Injunction,  Count II Trespass Action,  Count III Complaint Pursuant to Rule 80B filed. |
| 10/7/97 | Certification filed by Plaintiff. |
| 10/7/97 | Motion to Enlarge Time to File Review Under Rule 80B and RUle 6B of Maine Rules of Civil Procedures filed by Plaintiff. |
| 10/7/97 | Affidavit in Support of a Petition for Permanent Injunction and Seeking Temporary Restraining Order and Preliminary Injunction filed by Gloria Yeo.  Exhibit A-E attached. |
| 10/7/97 | Order filed.  This matter was presented to the Court seeking a temporary restraining order.  Although the file indicates that the Town's attorney has received a copy of the pleadings, there is no indication that she was notified that this matter was to be presented to a justice on an ex parte basis this afternoon. Based upon the material presented, this Court declines to enter any Order without notice and a opportunity to be heard by all parties.  Therefore this Court will order the matter set for hearing on an expedited basis on October 16, 1997, at 9:00 a.m.  Plaintiff will serve all parties and insure that they have at least five days notice prior to hearing. (Kravchuk, CJ.)  Copy forwarded to attorneys of record on 10/8/97. |
| 10/8/97 | Case File Notice and Pretrial Scheduling Statement and Jury Demand forwarded to Plaintiff's attorney. |
| 10/14/97 | Hearing on on Request for Temporary Restraining Order rescheduled for October 16, 1997 at 1:00 p.m.  per Chief Justice Margaret Kravchuk. Plaintiff's Attorney notified by telephone and to let other parties aware of time change. |